```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

LONGTELL COMMUNICATIONS, LLC,  §
MIKE LONG and BURVLE           §
ENTERTAINMENT, INC. d/b/a      §
GOLD GAME ROOM                 §
                               §  CIVIL ACTION NO.4:04-CV-572-Y
VS.                            §
                               §
DEE ANDERSON, SHERIFF, and     §
TARRANT COUNTY SHERIFF'S       §
DEPARTMENT                     §
```

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is the summary-judgment motion (doc. #43) of defendants Tarrant County Sheriff Dee Anderson and the Tarrant County Sheriff's Department filed on November 3, 2006. Plaintiffs Longtell Communications, L.L.C., et al., have failed to file a response. Still, a ruling on a summary-judgment motion cannot be supported solely on the grounds that Plaintiff failed to respond. *See Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). But after review of Defendant's summary-judgment motion on the merits, the Court GRANTS the motion.

I.   FACTUAL BACKGROUND

Plaintiffs Mike Long and Burvle Entertainment, Inc. ("Burvle"), operated the Pot O Gold Game Room ("the game room"), which used "8-liner" game machines that Long and Burvle leased from plaintiff Longtell Communications, L.L.C. ("Longtell"). While operating the game room, defendant Dee Anderson, the Tarrant County Sheriff, and

Tim Curry, the district attorney, sent Plaintiffs a letter on June 13, 2003, informing Plaintiffs of a recent Texas Supreme Court decision regarding 8-liner gaming machines.[1] The letter explained that the commercial use of 8-liner gaming machines that "involves awarding any cash OR any retail gift certificates OR any rights of replay involving the insertion of money into a gaming device constitutes illegal gambling under . . . [Texas criminal laws]." The letter warned Plaintiffs "to cease and desist" from the commercial use their 8-liner gaming machines, and that "beginning no sooner than two weeks from the date of this letter, the Tarrant County Sheriff's Office will take all necessary actions to enforce the gambling laws of this state as applied to eight-liners."

Starting around September 24, 2003, the Tarrant County Sheriff's Department began an undercover investigation of Plaintiffs' game room and their use of the 8-liner gaming machines. This undercover investigation revealed evidence of Plaintiffs' illegal gambling operation located at their game room using their 8-liner gaming machines. Using the evidence obtained through the undercover investigation, the Tarrant County Sheriff's Department obtained a warrant on January 7, 2004, authorizing the seizure of Plaintiffs' machines, including the 8-liner machines, and other property on the game-room premises. On January 8, Sheriff Anderson and other members of the Sheriff's Department raided the game room

---

[1] See *Hardy v. State,* 102 S.W.3d 123 (Tex. 2003).

2

and seized 111 game machines, an ATM machine, three file cabinets, one computer, an electronic money counter, $22,445.00 in cash, and business records.  Defendants have refused return of this property.

Plaintiffs filed suit in the 96th Judicial District Court, Tarrant County, Texas, for a temporary restraining order, a temporary and permanent injunction, a declaratory judgment, replevin, and damages.  But the state court dismissed Plaintiffs' case for lack of subject-matter jurisdiction.  Plaintiffs then filed suit in this Court under 42 U.S.C. § 1983, alleging that Defendants' actions violated their rights: (1) under the Fourth and Fourteenth Amendments to be free from illegal seizures; (2) under the Fifth, Sixth, and Fourteenth Amendments to be free from police harassment and intimidation; (3) under the Fourth and Fourteenth Amendments to be free from malicious prosecution, malicious abuse of process, and unlawful seizure; and (4) under the Fourth and Fourteenth Amendments to due process of law.[2]

All of Plaintiffs' constitutional claims stem from Defendants' search of their game room and the seizure of their 8-liner gaming machines.  Plaintiffs allege that the warrant that was issued was based on an affidavit made by a member of the Tarrant County Sheriff's Department that contained information that Defendants knew or should have known to be false.  Plaintiffs seek monetary

---

[2] Plaintiffs' complaint alleges a violation of due process under the Fourth and Fourteenth Amendments, not the Fifth Amendment.

damages, attorney's fees, and an injunction requiring the return of all of their gaming machines and other confiscated materials.[3]

On January 4, 2006, the Court granted Defendants' motion for judgment on the pleadings dismissing Plaintiffs' Fourth-Amendment claims. The Court granted the motion because Plaintiffs failed to plead a necessary element—that probable cause would not exist without the alleged false information. Just like here, Plaintiffs failed to file any response to Defendants motion for judgment on the pleadings.

Plaintiff Mike Long was convicted in state court on October 5, 2006, for violating Texas penal codes for owning, possessing, and operating gambling machines. His conviction stemmed from the undercover investigation of his game room and the seizure of his 8-liner gaming machines as well as other evidence.

## II. ANALYSIS

Summary judgment is proper when the record establishes "that

---

[3] Plaintiffs' complaint does not specify whether they are suing Sheriff Anderson in his individual or official capacity, or both. The complaint identifies Anderson as the sheriff of Tarrant County, however, describes Sheriff Anderson's liability in relation to his duties as sheriff, and requests relief that Sheriff Anderson would only be able to provide in his official capacity. Moreover, the complaint does not appear to seek damages against Sheriff Anderson in his individual capacity, and Plaintiffs have previously recognized that their complaint only appears to assert claims against Sheriff Anderson in his official capacity. (Pls.' Resp. to Defs.' First Mot. for J. on Pls., 03/28/2005, at 3.) Consequently, the Court concludes that Plaintiffs' claims against Sheriff Anderson are not personal in nature, and thus are only against him in his official capacity. *See Potter County Attorney's Office v. Stars & Stripes Sweepstakes*, 121 S.W.3d 460, 464-65 (Tex. App.--Amarillo 2003, no pet.); *see also* Court's Order Granting Defendants' Motion for Judgment on the Pleadings of January 4, 2006.

4

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is considered "genuine" if "it is real and substantial as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001). Facts are considered "material" if they "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To prevail on a motion for summary judgment, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). The Court must view the evidence introduced and make all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456 (1992). This favorable presumption, however, exists only when the opposing party presents an actual controversy of fact. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

When the moving party has carried its summary-judgment burden, the burden shifts to the opposing party to show that summary judgment is inappropriate, **and the opposing party must go beyond the pleadings** and by his own evidence set forth specific facts showing there is a genuine issue for trial. *Arbaugh v. Y&H Corp.*,

5

380 F.3d 219, 222 (5th Cir. 2004)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986))*; Lusk v. Foxmeyer Health Corp.,* 129 F.3d 773, 777 (5th Cir. 1997)*; see also* FED. R. CIV. P. 56(e). This burden is not satisfied by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *See Little,* 37 F.3d at 1075. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50.

Rule 56, however, "does not impose on the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). Moreover, a court may assume that a movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy when an opposing party fails to file any response. *See Andrews v. Texas Park & Wildlife Dep't,* 196 F.Supp.2d 424, 426 (2001). The district court "will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact before entering summary judgment." *Jones v. Fountain,* 121 F.Supp.2d 571, 572 (E.D. Tex. 2000).

All of Plaintiffs' claims (including the Fourth-Amendment

6

claims the Court dismissed earlier[4]) are grounded in the same common nucleus of operative facts—Defendants' search of their game room and of the seizure of their 8-liner gaming machines authorized by a warrant that was issued based on an affidavit of a member of the Tarrant County Sheriff's Department that detailed a comprehensive undercover investigation of Plaintiffs' game room. Plaintiffs allege a violation of their constitutional rights because the affidavit allegedly contained information that Defendants knew or should have known to be false.

Defendants, on the other hand, argue that they had a right to seize the property at issue. Defendants contend that the affidavit established probable cause that Plaintiffs owned and operated a game room that used 8-liner gaming machines in running an illegal gambling operation under Texas criminal law. Consequently, Defendants argue, Plaintiffs fail to establish a violation of their constitutional rights.

Defendants primarily rely on the Texas Supreme Court decision in *Hardy v. State,* 102 S.W.3d 123 (Tex. 2003). In *Hardy*, the Texas Supreme Court held that,

> the State must establish probable cause before initiating a forfeiture proceeding under article 18.18 of the Code of Criminal Procedure.[5] The person found in possession

---

[4] See the Court's order of January 4, 2006, granting Defendants' motion for judgment on the pleadings.

[5] Article 18.18 of the Texas Code of Criminal Procedure relates to the disposition of gambling paraphernalia, prohibited weapons, criminal instruments, and other contraband. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18.

7

> of the seized property must then appear at a show cause hearing and prove, by a preponderance of the evidence, that those machines are not gambling devices. TEX. CODE CRIM. PROC. art. 18.18(f). . . . [Furthermore] an eight-liner that rewards the player with cash, even if that cash is used only to play another machine, fails to satisfy the section 47.01(4)(B) exclusion [to the definition of a gambling device].

102 S.W.3d at 125. It is also clear from a review of article 18.18 that seizure is permitted prior to a final conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(b). Undoubtedly, confiscation of the contraband gaming machines would be allowed upon conviction as well. Thus, so long as Sheriff Anderson and the Tarrant County Sheriff's Department's search and seizure was authorized by a warrant that was supported by probable cause, the seizure of Plaintiffs' property was lawful and there are no grounds to support Plaintiffs' section 1983 constitutional claims.

In their summary-judgment motion, Defendants provide the underlying affidavit that was submitted to the magistrate judge for the 396th Judicial District Court, Tarrant County, Texas. Based on the facts contained in that affidavit, the magistrate judge found probable cause and issued the warrant authorizing the search of the game room and the seizure of the 8-liner gaming machines as well as other incriminating property. The affidavit is approximately ten pages long and contains a lengthy and detailed description of the Tarrant County Sheriff's Department's comprehensive undercover investigation of Plaintiffs' game room. This investigation began around September 24, 2003, and continued for more than three

8

months, collecting incriminating evidence that was laid out in detail in the affidavit for the magistrate judge.  The affidavit also contained a detailed description of the property to be searched and the items to be seized.  A review of the affidavit easily establishes that, if true, probable cause existed and thus the search and seizure was lawful pursuant to a duly authorized warrant.

Plaintiffs' allegation is that the affidavit contained information that Sheriff Anderson and the Tarrant County Sheriff's Department knew or should have known was false.  But all the Court has before it are the conclusory allegations contained in Plaintiffs' complaint.  By not submitting any response to Defendants' summary-judgment motion, Plaintiffs have failed to go beyond the pleadings and have not put forth any evidence establishing that there is any genuine issue of material fact for trial.  There is no evidence that the detailed and comprehensive factual statements contained in the affidavit are false.  There is no evidence that Sheriff Anderson or the Tarrant County Sheriff's Department knew or should have known the factual assertions in the affidavit were false.  And there is no evidence calling into question the affiant's credibility or establishing any motive on the part of the affiant or Defendants to fabricate.  Since Defendants' evidence is uncontroverted by any evidence from Plaintiffs, the Court concludes that there is no genuine issue of material fact and that the

evidence clearly establishes that (1) the affidavit did not contain any false information; (2) the affidavit easily established probable cause authorizing the issuance of a warrant under the Constitution; and, (3) armed with a warrant, Sheriff Anderson and the Tarrant County Sheriff's Department had the legal right to enter Plaintiffs' game room and seize their 8-liner gaming machines as well as all other property covered by the warrant.  Accordingly, the Court concludes that Defendants have met their burden and established that they are entitled to judgment as a matter of law.

III. IMPOSITION OF ATTORNEY'S FEES

The Court concludes that Plaintiffs should pay for Defendants' reasonable attorney's fees and costs under 42 U.S.C. § 1988.  *See also Chambers v. NASCO, Inc.,* 501 U.S. 32, 49 (1991)(holding that a district court has the inherent power to award attorney's fees regardless of whether it could be awarded under statute or the rules).  In any action or proceeding under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ."  42 U.S.C. § 1988.  Although the language in the statute seems rather straightforward, a prevailing defendant is not entitled to attorney's fees unless a plaintiff's claim under section 1983 was frivolous, unreasonable, groundless, or vexatious.  *Hensley, et al. v. Eckerhart, et al.,* 461 U.S. 424, 429 (1983);

10

*Meyers v. City of West Monroe,* 211 F.3d 289, 292 (5th Cir. 2000).

In applying this standard, the Supreme Court has stated that "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co., v. EEOC,* 434 U.S. 412, 421-22 (1978). The High Court explained that frivolous or groundless should be understood as meaning the claim is without foundation, and that vexatious "in no way implies that the plaintiff's subjective bad-faith is a necessary prerequisite. . . ." *Id.* at 421. In determining whether a suit was frivolous or groundless, a district court should look to such factors as did the plaintiff establish a prima-facie case, did the defendant offer to settle, and did the court dismiss the case or hold a full trial. *Walker v. City of Bogalusa,* 168 F.3d 237, 240 (5th Cir. 1999). Applying these standards to the case at bar, the Court concludes that Plaintiffs' section 1983 claims were frivolous and groundless.

All of Plaintiffs' section 1983 claims have been dismissed by the Court before even having had an opportunity to present them to a jury. "While that alone is insufficient to support a finding of frivolity," *Meyers,* 211 F.3d at 293, based on the Court's determinations that Defendants were entitled to judgment on the pleadings regarding Plaintiffs' Fourth-Amendment claims and are now entitled

11

to summary judgment on the remainder of Plaintiffs' claims, the Court concludes that Plaintiffs' claims were frivolous and groundless. The Court granted Defendants' motion for judgment on the pleadings dismissing Plaintiffs' Fourth-Amendment claims because Plaintiffs failed to allege a necessary element for entitlement to relief. *See* Court's Order of January 4, 2006. Plaintiffs' failed to file any response to that motion, and have never requested leave of the Court to file an amended complaint correcting their omission. Furthermore, the Court has granted Defendants' summary-judgment motion, noting, again, that Plaintiffs have failed to provide any response. Significantly, Plaintiffs failed to submit any evidence establishing that a genuine issue of material fact exists for the jury regarding the affidavit allegedly containing information that Defendants knew or should have known to be false. Faced with an unrebutted and uncontroverted affidavit extensively detailing a comprehensive undercover investigation of Plaintiffs' game room and their illegal use of 8-liner gaming machines, the evidence conclusively established that Defendants acted completely within the bounds of the law when they sought a warrant from the magistrate judge and then executed that warrant at Plaintiffs' game room. Thus, there is no basis from which the Court can say that Plaintiffs' claims weren't frivolous or groundless. Plaintiffs have wholly failed to produce any evidence to substantiate their allegations. *Compare with Meyer,* 211 F.3d at

293 (finding claims that were dismissed before they reached a jury frivolous when plaintiff could offer no evidence at trial to substantiate them).

IV. CONCLUSION

Therefore, for the reasons stated above, Defendants summary-judgment motion is GRANTED.  All claims of Plaintiffs against Defendants are DISMISSED WITH PREJUDICE.  Further, for the reasons stated above, Plaintiffs are ORDERED to pay Defendants their reasonable attorney's fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

SIGNED December 14, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE